IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GOYA FOODS, INC.,

**Plaintiff(s)**

v.

UNILEVER and/or UNILEVER DE PUERTO RICO, INC.,

**Defendant(s)**

CIVIL NO. 06-2029 (FAB)

**ORDER**

Plaintiff's second application for a Temporary Restraining Order ("TRO") (Docket No. 28, 29) is hereby **DENIED**.

The premise for Goya's request is its flawed understanding that the Court did not expressly rule on the merits of its initial application for a TRO since it was not given an opportunity to argue the application before the Court. The Court carefully examined plaintiff's application as well as all attached documents and denied the TRO because it could not discern the irreparable harm that Goya would suffer if the TRO did not issue. Goya's damages are quantifiable and it has not shown that it will not be able to recover from any harm suffered. See, e.g., CollaGenex Pharmaceuticals, Inc. v. IVAX Corp, 375 F.Supp.2d 120, 123-24 (E.D.N.Y. 2005).

Following a status conference on this matter, and after consultation with both parties, the Court scheduled a preliminary

Civil No. 06-2029 (FAB)                                                                 2

injunction hearing for February 20, 2007, in order to provide the parties with ample time in which to conduct some discovery and to prepare the presentation of the case properly.  (See Docket No. 13). Goya's superfluous application not only unnecessarily burdens the Court with bygone issues, but also undermines its efforts at conducting a process that is fair for both parties and that provides for an exhaustive discussion of the issues, especially when the remedy sought is so drastic.

In any event, the issuance of a TRO at this time would be an exercise in futility.  Pursuant to Rule 65(b), a TRO can only issue for a term of ten days and can be extended for a maximum of ten additional days if good cause is shown.  "It is well settled that under Rule 65(b) of the Federal Rules of Civil Procedure governing the issuance of temporary restraining orders, such orders must expire not later than 20 days after issuance." Clements Wire & Mfg. Co., Inc. v. N. L. R. B., 589 F.2d 894, 896 (5th Cir. 1979).  Thus, to issue the TRO would serve no purpose other that to harass and unfairly burden the defendant because any relief the TRO could provide will cease long before the scheduled preliminary injunction hearing.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of December 2006.

S/ Francisco A. Besosa
FRANCISCO A. BESOSA
U.S. DISTRICT JUDGE